IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| EVELYN MILLER, ) | |
| ) | No. C05-2053-EJM |
| Plaintiff, ) | |
| vs. ) | ORDER |
| ) | |
| MERCY MEDICAL CENTER - NORTH ) | |
| IOWA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's resisted Motion for Summary Judgment, filed August 30, 2006[1]. Granted in part.

Plaintiff, a resident of Osage Iowa, was an employee of defendant Mercy Medical Center - North Iowa (Mercy) in Osage at all relevant times. She brings this action seeking damages from Mercy for claimed employment discrimination in violation of the Age Discrimination in Employment Act, 29 USC §621 et seq., and IC §216. The court has jurisdiction pursuant to 28 USC §§1331 and 1367.

Plaintiff asserts that on November 17, 2004, defendant terminated her employment on the basis of her age in violation of federal and state law. Defendant seeks summary judgment pursuant to FRCP 56, urging that plaintiff cannot generate a disputed issue of

---

[1] Briefing concluded on November 1, 2006.

material fact showing that her age was a determining factor in Mercy's decision to terminate her employment.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences.  <u>Kegel v. Runnels</u>, 793 F.2d 924, 926 (8th Cir. 1986).  However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings.  <u>Buford v. Tremayne</u>, 747 F.2d 445, 447 (8th Cir. 1984).  The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial.  <u>Id</u>., (citing Fed. R. Civ. P. 56(e) and <u>Burst v. Adolph Coors Co.</u>, 650 F.2d 930, 932 (8th Cir. 1981)).

<u>Green v. St. Louis Housing Authority</u>, 911 F.2d 65, 68 (8th Cir. 1990).

To make out a prima facie case of age discrimination, plaintiff must first show that she belonged to a protected class, that she was performing her job at a level meeting her employer's reasonable expectations, that she was terminated, and that her employer filled the vacated position with a person sufficiently younger to permit an inference of age discrimination.  <u>Mayer v. Nextel West Corporation</u>, 318 F3d 803, 807 (8th Cir. 2002). Upon plaintiff's coming forward with a prima facie case, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for plaintiff's termination.  Upon the defendant's satisfaction of that burden of production, to avoid summary judgment plaintiff must then establish a disputed issue of material fact as to whether defendant's reason was pretextual, and come forward with evidence that allows a reasonable inference that

age was a determinative factor in the termination decision. Mayer, supra, at 807. Iowa law employs the same framework of analysis for this claim. Sievers v. Iowa Mutual Insurance Company, 581 NW2d 633, 638 (Iowa 1998).

In support of its motion for summary judgment, Mercy asserts that plaintiff failed to demonstrate effective communications with co-workers and failed to promote good working relationships in a collegial manner, and failed to satisfy other performance requirements. Mercy asserts that plaintiff thus failed to meet its reasonable expectations, and therefore she cannot make out a prima facie case of employment discrimination. Mercy further urges that even if plaintiff can be said to have made out a prima facie case, there is no disputed issue of material fact as to whether her termination was for a legitimate, non-discriminatory reason. Additionally, following the termination of plaintiff's employment, Mercy discovered plaintiff had been stealing confidential patient records, which Mercy asserts would have then resulted in her immediate dismissal even had she not been previously dismissed for other reasons. Accordingly, Mercy urges that if this action proceeds, any damages to which plaintiff might otherwise be entitled should be cut off as of the date when the theft was discovered, when she would have otherwise been dismissed due to these undisputed incidents.

On the record before the court and in light of the applicable standards, it is the court's view that there exist disputed issues of fact and the motion should be denied, except as to the question of partial summary judgment with respect to plaintiff's undisputed theft of confidential patient records in violation of several confidentiality

agreements which she signed. The court concludes that there exists no disputed issue of material fact as to whether that theft would have resulted in plaintiff's dismissal as of the date of the discovery of the theft. To define the contours of this litigation, reinstatement and front-pay are therefore precluded remedies, and any back-pay to which plaintiff might be found entitled would be limited to the period up to the discovery of the theft of the confidential patient records. McKennon v. Nashville Banner Pub. Co., 513 US 352, 360-363 (1995); Walters v. US Gypsum Co., 537 NW2d 708 (Iowa 1995).

It is therefore

ORDERED

Motion for Summary Judgment granted in part in accordance herewith.

December 18, 2006.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT